UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MICHAEL EUGENE HAYNES, #71271**                                          **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 5:18-cv-38-DCB-MTP**

**JODI BRADLEY, ET AL.**                                                       **DEFENDANTS**

ANSWER AND AFFIRMATIVE
<u>DEFENSES OF DEFENDANT DR. JAMES BURKE</u>

Defendant Dr. James Burke ("Dr. Burke"), by and through counsel, files his Answer and Affirmative Defenses to the Complaint [Doc. 1] of Plaintiff Michael Eugene Haynes ("Plaintiff"), and states the following in support:

<u>**ANSWER**</u>

**I.**      **Basis for Jurisdiction.** Dr. Burke admits that Plaintiff brings his claims under 42 U.S.C. § 1983.

**II.**     **Other Lawsuits Filed by Plaintiff.** Dr. Burke does not have sufficient information to admit or deny whether Plaintiff has filed any other lawsuits, and therefore denies the same.

**III.**    **Parties.** Dr. Burke admits admit that at the time of the alleged incident(s), he was employed by Centurion of Mississippi, LLC to supervise and provide medical service to inmates incarcerated at Wilkinson County Correctional Facility. Further, Dr. Burke admits that Plaintiff has sued the parties set forth as a defendants in this Section. Dr. Burke denies that any of these parties are proper defendants or that this action is properly before this Court. Any allegations set forth in this Section which are not specifically admitted herein are denied.

1

**IV.** **General Information.**

    A. Admitted, on information and belief.

    B. Admitted, on information and belief.

    C. Admitted, on information and belief.

    D. Admitted, on information and belief.

    E. Dr. Burke denies that Plaintiff properly exhausted the available administrative remedies at Wilkinson County Correctional Facility as required by The Prison Litigation Reform Act.

    F. There are no allegations in this Section, thus no response is required.

**V.** **Statement of Claim.** Denied.

**VI.** **Relief.** Dr. Burke denies that Plaintiff is entitled to any relief sought or any relief whatsoever.

**VII.** To the extent not expressly admitted above, Dr. Burke denies each and every allegation in the Complaint, including those allegations contained in any attachment, exhibit, or supplement thereto, that makes a claim against him and/or seeks to impose liability upon him. To the extent Plaintiff makes any claim or allegation that Dr. Burke denied or approved the denial of Plaintiff's needed medical care or that they acted with deliberate indifference to Plaintiff's serious medical needs, Dr. Burke denies the same.

## **AFFRIMATIVE DEFENSES**

Having fully answered Plaintiff's Complaint, Dr. Burke pleads the following affirmative defenses:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted and should therefore be dismissed under Rule 12(b)(6) of the Federal Rules Civil Procedure.

## SECOND DEFENSE

Dr. Burke did not violate Plaintiff's Constitutional Rights under the 8th Amendment.

## THIRD DEFENSE

Dr. Burke did not violate Plaintiff's Constitutional Rights under the 14th Amendment.

## FOURTH DEFENSE

Plaintiff's Complaint is barred to the extent Plaintiff failed to comply with the Administrative Remedy Program.

## FIFTH DEFENSE

Dr. Burke is not responsible for the acts and omissions of any other person.

## SIXTH DEFENSE

The facts having not been fully developed, Dr. Burke, to the extent applicable, asserts all affirmative defenses listed in Rule (8)(c)(1) of the Federal Rules of Civil Procedure, which include: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, re judicata, statute of frauds, statute of limitations, and waiver.

## SEVENTH DEFENSE

Dr. Burke pleads all applicable provisions of the Prison Litigation Reform Act as a bar to Plaintiff's claims, and as a limitation of liability, which is denied.

## EIGHTH DEFENSE

Plaintiff is subject to the provisions of 28 U.S.C. § 1915.

**NINTH DEFENSE**

Plaintiff's Complaint lacks merit, is frivolous, and fails to state a claim and therefore should be dismissed with a "strike" in accordance with the Prison Litigation Reform Act.

**TENTH DEFENSE**

The damages allegedly suffered by Plaintiff, if any, were the result of the Plaintiff's own acts.

**ELEVENTH DEFENSE**

Any alleged conduct or omission on Dr. Burke's part did not cause Plaintiff's alleged injury.

**TWELFTH DEFENSE**

Plaintiff's claims against Dr. Burke are barred in whole or in part, because Plaintiff's injuries, if any, were caused by an independent intervening cause(s) which Dr. Burke did not control, have a right to control, or have any influence over.

**THIRTEENTH DEFENSE**

Dr. Burke at all times acted in conformity with or exceeded the applicable minimally acceptable standard of care, which would be rendered by a reasonably prudent person under the same or similar circumstances.

**FOURTEENTH DEFENSE**

Dr. Burke is immune under the federal doctrine of qualified immunity.

**FIFTEENTH DEFENSE**

Dr. Burke is immune under Mississippi law.

## SIXTEENTH DEFENSE

Dr. Burke is immune from liability under the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1, et seq. (Rev. 2002 & Supp. 2011).

## SEVENTEENTH DEFENSE

Plaintiff has not exhausted administrative remedies as required by 42 U.S.C. § 1997e (a).

## EIGHTEENTH DEFENSE

To the extent that Plaintiff's Complaint is making a claim under state law for medical negligence, Plaintiff has failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law, Miss. Code Ann. § 11-1-65(a), (c) (Supp. 2007), and Plaintiff did not attach the Notice required by Miss. Code Ann. § 15-1-36(15) (Rev. 2003), and Plaintiff did not attach the Certificate required by Miss. Code Ann. § 11-1-58 (Supp. 2007).

## NINETEENTH DEFENSE

Alternatively, Dr. Burke demands application of Miss. Code Ann. § 85-5-7 (1972) and the appropriate apportionment of damages to all parties who may be liable to Plaintiff in direct proportion to their individual or respective percentage of fault or negligence.

## TWENTIETH DEFENSE

Dr. Burke incorporates by reference any and all limitations regarding the enforceability and the constitutionality of punitive damages awards as set forth in *BMW of America v. Gore*, 116 U.S. 1589 (1996), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). The imposition of punitive damages violates various articles and sections of the Mississippi Constitution and the United States Constitution including the Due Process Clause and Excessive Fines Clause, and the standards are not clear and, therefore, the imposition of punitive damages against Dr. Burke is constitutionally vague and overly broad and violates the 8th and 14th

Amendments of the Constitution of the United States of America and Article 3 and various sections thereunder of the Mississippi Constitution. Further, certain damages sought by Plaintiff and the imposition thereof would violate the 5th and 14th Amendments of the United States Constitution and the corresponding provisions of the Mississippi Constitution.

## TWENTY-FIRST DEFENSE

Dr. Burke reserves the right to affirmatively plead any and all other defenses and affirmative defenses available to him which may become applicable through discovery and during the trial of this cause.

WHEREFORE, Dr. Burke respectfully requests the Court to enter an Order and Final Judgment dismissing Plaintiff's Complaint, with prejudice, at Plaintiff's cost with a strike under the PRLA, and move for general and such other relief as the Court deems appropriate.

Respectfully submitted, this 18th day of February, 2019.

/s/Stevie F. Rushing
Michael J. Bentley (MSB# 102631)
Molly M. Walker (MSB# 100689)
Erin Saltaformaggio (MSB# 103999)
Stevie F. Rushing (MSB# 105534)
mbentley@bradley.com
mmwalker@bradley.com
esaltaformaggio@bradley.com
srushing@bradley.com

ATTORNEYS FOR DR. JAMES BURKE

OF COUNSEL
Bradley Arant Boult Cummings, LLP
One Jackson Place
188 East Capitol Street, Suite 1000
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and mailed via U.S. Mail, postage prepaid to:

Michael Eugene Haynes, #71271
W.C.C.F.
P.O. Box 1889
Woodville, MS 39669

*Pro Se Plaintiff*

                                              */s/ Stevie F. Rushing*
                                              OF COUNSEL