**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MICHAEL EUGENE HAYNES**                                    **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 5:18-cv-38-DCB-MTP**

**WARDEN JODY BRADLEY,** *et al.*                            **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's numerous Motions for Temporary Restraining Orders [84], [87], [88], and [89]. Having carefully considered the parties' submissions and the applicable law, the undersigned recommends that Plaintiff's Motions [84], [87], [88], and [89] be denied.

***Standard for Temporary Restraining Order***

Plaintiff, a post-conviction inmate, filed several motions seeking temporary restraining orders against a cast of Defendants relating to different aspects of his conditions of confinement at Wilkinson County Correctional Facility ("WCCF"). An omnibus hearing has not yet been held in this matter.

An applicant for a temporary restraining order or a preliminary injunction must demonstrate each of the following:

(1) A substantial likelihood of success on the merits;

(2) A substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied;

(3) The threatened injury must outweigh any damage that the temporary restraining order will cause the non-movant; and

(4) The temporary restraining order will not disserve the public interest.

*Whole Woman's Health v. Paxton*, 264 F. Supp. 3d 813, 818 (W.D. Tex. 2017). "A temporary restraining order is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Id*.

**Motion [84]**

In his Motion [84], Plaintiff seeks a blanket restraining order against "WCCF prison officials"[1] that deny his red tags[2] and do not grant his protective custody requests. Plaintiff only provides generalizations and does not plead specific facts as to how or why he will be harmed. Plaintiff has not met his high burden to demonstrate that he will suffer irreparable injury if every red-tag request he submits is not granted. Moreover, "it is well settled that prison officials are given wide latitude in the day-to-day operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct." *Barrett v. Epps, 2008 WL 1827449*, at *5 (S.D. Miss. Apr. 22, 2008). The Motion [84] for Temporary Restraining Order should be denied.

**Motion [87]**

Again, in his Motion [87], Plaintiff seeks a blanket restraining order against prison officials to stop taking his property or allowing other prisoners to steal his property.[3] Plaintiff claims that other prisoners are constantly stealing his personal property and alleges that two of his fans were stolen, but does not provide any specific information. These facts alone do not

---

[1] It is unclear if this Motion [84] is directed at certain unidentified defendants or individuals who are not in this lawsuit.

[2] This term refers to a prisoner's ability to request to be kept separate from other prisoners.

[3] Even if this temporary restraining order was granted, the Court cannot discern which individuals or what entity it would be enforced against.

show that Plaintiff will suffer an irreparable injury without a temporary restraining order. The Motion [87] for a Temporary Restraining Order should be denied.

***Motion [88]***

In his Motion [88], Plaintiff seeks much of the same relief requested in his Motion [84]. He asserts that he is often housed with gang members who try to hurt him. He claims that the staff does not uphold prison policies. Plaintiff makes sweeping assertions with little particularity. The Motion [88] does not meet Plaintiff's burden to show he will suffer irreparable harm. Indeed, Plaintiff references complaints he made in 2000 and 2005, almost twenty years ago, which underscores the fact that Plaintiff's alleged issues do not appear immediate or irreparable. The Motion [88] for Temporary Restraining Order should be denied.

***Motion [89]***

In his Motion [89], Plaintiff seeks to "stop the WCCF prison officials from violating the MDOC policy by denying [him] medical treatment and/or medical refills." Plaintiff complains about no longer receiving extra food trays, swelling, and the way the prison dentist worked on his mouth. Again, Plaintiff's complaints are not specific and do not detail how he will be harmed absent a temporary restraining order.

Defendant Burke filed a Response [91] to Plaintiff's Motion [89]. Defendant Burke makes various legal arguments against Plaintiff's request for a temporary restraining order and submits Plaintiff's medical records at WCCF to demonstrate that Plaintiff continues to receive care. *See* [98]. While Plaintiff may disagree with the manner or degree of medical care, the undersigned finds that Plaintiff's medical records show he has received extensive medical care at WCCF. *See Grant v. Aubrey Cole Law Enf't Ctr.*, 2012 WL 3112060, at *7 (E.D. Tex. June 26, 2012) (holding that "[c]ontentions… that amount to a mere disagreement with the speed, quality,

or extent of medical treatment or even negligence do not give rise to a Section 1983 claim."). Considering Defendant Burke's Response [91], Plaintiff has not established that he will suffer irreparable injury to his medical or dental health without an order from this Court requiring Defendants to provide every procedure and medicine Plaintiff desires. The Motion [89] for a temporary restraining order should be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Plaintiff's Motion [84] for Temporary Restraining Order, Motion [87] for Temporary Restraining Order, Motion [88] for Temporary Restraining Order, and Motion [89] for Temporary Restraining Order be denied.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996).

THIS the 24th day of April, 2019

s/ Michael T. Parker
United States Magistrate Judge