IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MICHAEL EUGENE HAYNES**                                                                 **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 5:18-cv-38-DCB-MTP**

**WARDEN JODY BRADLEY,** *et al.*                                                      **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court for an evaluation of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court held a *Spears* hearing in this matter on July 24, 2019 to clarify Plaintiff's civil rights claims. After careful consideration of the applicable law, Plaintiff's testimony at the *Spears* hearing, and review of Plaintiff's 800-page Complaint, the Court recommends that certain claims and Defendants be dismissed.

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K . Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). Prisoners' *pro se* 42 U.S.C. § 1983 pleadings are construed liberally. *Wesson v. Oglesby*, 910 F.2d 278, 279 (5th Cir. 1990). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level… on the assumption that all the allegations in the complaint are true

1

(even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co*., 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id.* (quoting 42 U.S.C. § 1983).

### **Deprivation of Property**

Plaintiff was transferred to Wilkinson County Correctional Facility ("WCCF") in 2013 where he is currently housed. During the intake process, Plaintiff was required to leave his personal property, valued around $150, in one room while he was taken to another room for processing. When he returned, his property was gone— apparently stolen or lost. Plaintiff brought a claim for property deprivation, but this claim was dismissed by order of the District Judge because the statute of limitations had expired. *See* Order [46].

At the *Spears* hearing, Plaintiff testified that he was suing Defendants Janice Fountain Williams and Sherry Rowe because he filed a grievance about his missing property and they failed to process it or "held it." Even accepting Plaintiff's allegation as true that Defendant

Williams and Defendant Rowe ignored his grievance, Plaintiff has not stated a claim under 42 U.S.C. § 1983. "An inmate does not have a constitutional right to have his prison… administrative proceedings properly investigated, handled, or favorably resolved." *Ancar v. Robertson*, 2019 WL 2295931, at *1 n. 1 (M.D. La. May 9, 2019) (citing *Mahogany v. Miller*, 252 Fed. App'x 593, 595 (5th Cir. 2007)). "Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights." *Id*. (*citing Jackson v. Cain*, 864 F.2d 1235, 1251-52, (5th Cir. 1989)). Because this alleged failure to process Plaintiff's grievance was the only claim asserted against Defendants Janice Fountain Williams and Sherry Rowe at the hearing, and Plaintiff does not have a constitutional right to have his grievances processed by the prison, the undersigned recommends dismissing Defendants Janice Fountain Williams and Sherry Rowe.

Plaintiff sues Defendant Maomie Walker-Riley because she was one of his case managers at the time he arrived at WCCF. Plaintiff claims she forced him to leave his property unattended and then it was stolen or lost. Plaintiff did not allege any other claims against Defendant Walker-Riley at the *Spears* hearing. As Plaintiff's claims relating to his property deprivation in 2013 have already been dismissed, and this is the only claim asserted against Defendant Walker-Riley, the undersigned recommends dismissing Defendant Walker-Riley for the same reasons discussed in the District Judge's Order [46].[1]

Plaintiff sues Defendant Sheidra Arrington, another case manager on duty when he arrived at WCCF. Plaintiff alleges that Defendant Arrington is responsible for the loss of his property in 2013. Plaintiff does not bring any other claims against Defendant Arrington.

---

[1] Plaintiff brought multiple claims of property deprivation. The latest date of the alleged deprivation was 2013. The statute of limitations on these claims is three years, but Plaintiff did not file his lawsuit until 2018. Therefore, this Court held that Plaintiff's property deprivation claims were barred by the statute of limitations. *See* Order [46].

Because Plaintiff's deprivation of property claim has been dismissed, the undersigned recommends dismissing Defendant Arrington for the same reasons set forth above. *See* Order [46].

### **Denial of Medical Care**

Plaintiff sues Dr. Burke, the physician at WCCF, because Plaintiff experiences swelling in his limbs and Dr. Burke has not satisfactorily diagnosed the cause of the swelling. He also sues Dr. Burke because he has been prescribed medication, but Plaintiff does not understand the purpose of the medication. Plaintiff further claims that he was diagnosed with high blood pressure and was placed on medication to treat it, but Dr. Burke took him off the medication because his blood pressure dropped too low.

To establish a denial of medical care claim, a plaintiff must show that the defendant acted with deliberate indifference to the Plaintiff's serious medical needs, constituting the unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eight Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. at 106. "[M]ere disagreement with one's medical treatment is insufficient to show deliberate indifference, as are claims based on unsuccessful medical treatment, negligence, or medical malpractice." *Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018).

Plaintiff testified at the *Spears* hearing that he continues to see Dr. Burke and receive medical treatment. Plaintiff has not been denied medical treatment, rather he disagrees with the treatment and course of action taken by Dr. Burke. Mere disagreement with medical treatment

4

does not state a civil rights claim. Therefore, the undersigned recommends dismissing all claims against Dr. Burke.

### **Inadequate Dental Care**

Plaintiff also brought a claim for inadequate dental care. Plaintiff went to the dentist at WCCF in February of 2017 and saw a Dr. Brown, who is not named as a defendant.[2] Plaintiff stated that Dr. Brown pried his teeth and "twisted" them when all he needed was a cleaning. Now his mouth hurts. Plaintiff believes that Dr. Brown twisted and "rearranged" the teeth in his mouth.

Plaintiff has continued to see the dentist since February of 2017. An x-ray was taken of his mouth and Plaintiff was told that a bone was broken in the top of his mouth. He has also received antibiotics from Dr. Burke for an infection in his mouth. Plaintiff has not alleged that he was denied dental care, but that the dental care he received was inadequate and worsened his oral health.

Plaintiff apparently now seeks to add Dr. Brown to the ever-expanding list of defendants for damaging or hurting his teeth. At most, Plaintiff has stated a claim for malpractice or negligence, which are not constitutional claims. *Estelle,* 429 U.S. at 106. Moreover, this claim is not related to the many other claims or Defendants in this lawsuit and is improperly joined. *See* Fed. R. Civ. P. 20(a)(2) (stating that defendants may be joined if any question of law or fact common to all defendants will arise in the action). Plaintiff has not alleged questions of law or fact regarding Dr. Brown that relate to the other Defendants in this lawsuit. The undersigned, therefore, recommends dismissing Plaintiff's dental complaints for failure to state a claim and as improperly joined.

---

[2] At the *Spears* hearing, Plaintiff stated that he intended to sue Dr. Brown. After hearing his claim, however, the Court declined to add Dr. Brown as a party.

**<u>Failure to Protect</u>**

Plaintiff testified further that on an unspecified date in 2018, Officer Williams brought Joseph Peyton, another inmate, to Plaintiff's cell. Peyton was assigned as Plaintiff's cellmate. Plaintiff told Officer Williams that he and Peyton had a previous altercation and that he did not want to share a cell with Peyton. Officer Williams ignored Plaintiff's request and placed Peyton in the cell with Plaintiff, despite Plaintiff's request at that time to "red-tag" Peyton.[3]

Plaintiff and Peyton later had a "fist fight" in the cell over certain food items that each desired. The officers issued a "code black" to respond to the fight in Plaintiff's cell. Defendants Gaston, Toomey, Gipson, and Green responded to the "code black." Plaintiff sues Defendants Gaston, Toomey, and Gipson because they responded to the fight Plaintiff had with his cellmate.

Even liberally construing Plaintiff's allegations against Gaston, Toomey, and Gipson, the undersigned concludes that this set of facts does not state a claim against them. Plaintiff did not tell Gaston, Toomey, or Gipson that he did not want to be placed in a cell with Peyton, and their only involvement in the altercation was when they responded to stop the violence occurring in Plaintiff's cell. Plaintiff has not alleged any facts that demonstrate Defendants Gaston, Toomey, or Gipson did anything other than respond to the fight. This does not state a claim for a constitutional violation under 42 U.S.C. § 1983. The undersigned recommends dismissing Defendants Gaston, Toomey, and Gipson.

Plaintiff further alleged that on an unknown date, Defendant Gayles, a psychiatrist, and Defendant Long, a nurse, failed to protect him and placed him in danger. Plaintiff takes multiple medications and was at the medical office at WCCF to see the psychiatrist. While waiting to see the medical staff, Defendant Gayles and Defendant Long placed Plaintiff in the hallway to await

---

[3] Prisoners can request to be kept separate from other prisoners and this form is called a "red-tag."

treatment. Plaintiff claims this put him in danger because he is in protective custody and any inmate could have attacked him while he was in the hallway. Plaintiff was not harmed while he waited in the hallway.

These facts do not state a claim under 42 U.S.C. § 1983. "A plaintiff must… demonstrate actual physical harm resulting from the alleged improper conduct by prison officials." *Johnson v. Burnly*, 2018 WL 1341727, *3 (S.D. Miss. Feb. 9, 2018). "Absent a showing that other inmates harmed [the plaintiff], there is no factual basis for a failure to protect claim." *Walzier v. McMullen*, 333 Fed. App'x 848, 851 (5th Cir. 2009). Therefore, the undersigned recommends dismissing Defendants Gayles and Long because Plaintiff was not harmed by their actions and has not stated a claim against them.

**Other Defendants**

At the *Spears* hearing, Plaintiff could not explain why he sued Defendant Terry Daniel.[4] Plaintiff stated that he knew he sued Daniel, but he could not remember why. In his 800-page Complaint, Plaintiff generally stated that Daniel failed to protect him from harm, but the undersigned could not glean specifics from him at the *Spears* hearing. Comp. [1] at 4. Based upon that bare assertion with no supporting facts, and Plaintiff's own testimony that he could not remember why he sued Daniel, the undersigned recommends that he be dismissed.

Plaintiff also sues Defendants Bradley and Walker, the Warden and Deputy Warden, at WCCF because they were in supervisory positions when Plaintiff's claims arose, and he believes they are responsible for the alleged constitutional violations carried out by their subordinates. Yet, to assert a claim under 42 U.S.C. § 1983 a plaintiff must show that the defendant had personal involvement in the civil rights violation. *Delaughter v. Woodall*, 909 F.3d 130, 136-67

---

[4] This Defendant's name sometimes appears as Terry Daniel and other times as Terry Daniels. The undersigned refers to him as Daniel because that is how his name is reflected on the docket.

(5th Cir. 2018) (citing *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). "Supervisory officials cannot be held liable under section 1983 for the actions of subordinates… on any theory of vicarious or *respondeat superior* liability." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

Plaintiff does not allege that Defendant Bradley or Defendant Walker had any direct involvement in the numerous claims he has brought, and they cannot be held liable based on their supervisory roles. Plaintiff, therefore, has not stated a claim against Defendants Bradley and Walker and they should be dismissed from this action.

Additionally, Plaintiff sues Defendant Gatlin, the director of the law library at WCCF. Plaintiff claims that Defendant Gatlin interfered with his lawsuit when she refused to give him pencils and paper. Plaintiff alleges he was forced to buy pencils and paper from other inmates to draft his pleadings, but his nearly 1,000 pages of pleadings demonstrate that he was not denied access to the Court, much less pencils and paper.

"Interference with the right of access to courts is actionable under § 1983 only where the inmate demonstrates 'actual injury stemming from defendants' unconstitutional conduct.'" *Mahogany v. Miller*, 252 Fed App'x 593, 594 (5th Cir. 2007) (quoting *Chriceol v. Phillips,* 169 F.3d 313, 317 (5th Cir.1999). Plaintiff alleges that Defendant Gatlin impeded his access to the Court, but absent an allegation of injury, this does not state a claim. The record reflects that Plaintiff has filed hundreds of pages of pleadings and he admitted at the *Spears* hearing that he was not denied access to the Court as a result of any action by Defendant Gatlin. Therefore, Defendant Gatlin should be dismissed because Plaintiff has failed to state a claim against her.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends:

1. Dismissing the claims against Defendants Janice Fountain Williams, Sherry Rowe, Maomie Walker-Riley, Sheidra Arrington, Dr. James Burke, Bryan Gaston, Tonya Toomey, Amanda Gipson, Unknown Gayles, Unknown Long, Terry Daniel, Jody Bradley, Gabriel Walker, and Unknown Gatlin with prejudice; and

2. Dismissing Plaintiff's inadequate dental care claim without prejudice.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 7th day of August, 2019

s/ Michael T. Parker<br>
United States Magistrate Judge