**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**MICHAEL EUGENE HAYNES**                                           **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO. 5:18-cv-38(DCB)(MTP)**

**WARDEN JODY BRADLEY, et al.**                              **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 146)**. The matter is before the Court for case-management purposes. The case was filed on April 23, 2018, and defendants Alan Chapman and "Unknown Williams" remain unserved and have not appeared in this matter. The United States Marshals attempted service on Chapman at his last known address provided by his employer, but service was not completed because the house was vacant. See **docket entry 94**. Williams cannot be identified by Management & Training Corporation ("MTC"), and the MTC defendants cannot provide an address for Williams. See Response Filed Under Seal **(docket entry 59)**.

On August 7, 2019, the Court ordered the plaintiff, who is proceeding in forma pauperis, to provide addresses for service of process for Chapman and Williams by August 23, 2019. See Order **(docket entry 127)**. On September 23, 2019, the Court again directed the plaintiff to provide addresses for service of process

1

by October 9, 2019.  See Order **(docket entry 137)**.  The record reflects that the plaintiff has not complied with these Orders, and Chapman and Williams remain unserved.

Special rules govern procedure for service of process in cases filed by plaintiffs proceeding in forma pauperis.  See Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 446 (5th Cir. 1996).  28 U.S.C. § 1915(d) provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases."  See also Fed.R.Civ.P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal, or by a person specially appointed by the court.  The court must so order if the plaintiff is authorized to proceed in forma pauperis ….").  Once the in forma pauperis plaintiff has identified the defendants, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants …." Lindsey, 101 F.3d at 446 (citing Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996)).  "[I]f the failure to properly serve a defendant is due to any fault on the plaintiff, he is not entitled to rely on the U.S. Marshals.  Further, if the plaintiff is made aware of possible defects in service of process, he must attempt to remedy them." Verrette v. Majors, 2008 WL 4793197, at *2 (W.D. La. Oct. 31, 2008); see also Pugh v. Green, 2019 WL 2372618 (S.D. Miss. June 5, 2019)(dismissing unserved defendant without prejudice

2

after in forma pauperis plaintiff failed to provide an address for service of process).

The plaintiff has not provided an address for defendants Alan Chapman or Unknown Williams. Considering the advanced age of this case, the plaintiff's failure to provide an address for service of process for these two defendants, and the Court's warnings to the plaintiff that it was his responsibility to prosecute this matter, Magistrate Judge Parker recommends dismissing defendants Alan Chapman and Unknown Williams from this action without prejudice.

This Court adopts the Report and Recommendation of Magistrate Judge Parker, and shall dismiss defendants Alan Chapman and Unknown Williams without prejudice.

ACCORDINGLY,

IT IS HEREBY ORDERED AND ADJUDGED that defendants Alan Chapman and Unknown Williams are dismissed without prejudice.

SO ORDERED AND ADJUDGED, this the 7th day of November, 2019.

/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE