**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**MICHAEL EUGENE HAYNES**                                                            **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 5:18-cv-38-DCB-MTP**

**WARDEN JODY BRADLEY,** *et al.*                                             **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court for case-management purposes.  This case was filed on April 23, 2018 and Defendant Marcus Pickett remains unserved and has not appeared in this matter.  The Marshals attempted service on Defendant Pickett on October 15, 2019 and October 31, 2019, but the summons was returned unexecuted because the address of record is now an empty lot.  *See* [157] [159].

On December 3, 2019, the Court directed Plaintiff to provide an address where Defendant Pickett could be served.  Order [165].  Plaintiff did not comply, and the Court again directed Plaintiff to provide an address for Defendant Pickett on January 2, 2020.  Order [178].  Plaintiff responded on January 27, 2020 that he had been unable to find an address for Defendant Pickett. Letter [187].

Special rules govern the procedure for service of process in cases filed by plaintiffs proceeding *in forma pauperis.  Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996).[1]  28 U.S.C. § 1915(d) provides that '[t]he officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."  *See also* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.  The court must so order if the

---

[1] Plaintiff is proceeding *in forma pauperis*.  *See* Order [32].

1

plaintiff is authorized to proceed *in forma pauperis*….").  Once the *in forma pauperis* plaintiff has identified the defendants "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants…." *Lindsey*, 101 F.3d at 446 (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).  "[I]f the failure to properly serve a defendant is due to any fault on the plaintiff, he is not entitled to rely on the U.S. Marshals. Further, if the plaintiff is made aware of possible defects in service of process, he must attempt to remedy them." *Verrette v. Majors*, 2008 WL 4793197, at *2 (W.D. La Oct. 31, 2008); *see also Pugh v. Green*, 2019 WL 2372618 (S.D. Miss. June 5, 2019) (dismissing unserved defendant without prejudice after *in forma puaperis* plaintiff failed to provide an address for service of process).

Plaintiff has not provided an address for Defendant Pickett as directed by this Court. Considering the advanced age of this case, Plaintiff's failure to provide an address for service of process for Defendant Pickett, and this Court's previous warning to Plaintiff that it was his responsibility to prosecute this matter, the undersigned recommends dismissing Defendant Marcus Pickett from this action without prejudice.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends dismissing Defendant Marcus Pickett without prejudice so that the remainder of this matter may proceed to timely disposition.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The

district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 12th day of March, 2020.

s/ Michael T. Parker
United States Magistrate Judge