**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MICHAEL EUGENE HAYNES**                                                    **PLAINTIFF**

**VERSUS**                                                 **CIVIL ACTION NO. 5:18-cv-38-CWR-MTP**

**WARDEN JODY BRADLEY**, *et al*.                                       **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Amend Complaint [230]. Having carefully considered the submission, the record, and the applicable law, the Court finds that the Motion [230] should be denied.

Plaintiff filed this civil rights lawsuit on April 23, 2018 alleging various civil rights violations. Comp. [1]. The lawsuit originally involved twenty-five Defendants, but many have been dismissed and claims remain pending against four Defendants.

On July 10, 2020, Plaintiff filed the instant motion to add two claims to his lawsuit. First, he seeks to bring a claim regarding his dental care. Second, he seeks to add several corrections officers as defendants because they allegedly failed to protect him from an attack by fellow inmate Karl Watts on January 29, 2020.

As Plaintiff must seek the Court's leave to amend, Federal Rule of Civil Procedure 15(a)(2) applies and states that the Court "should freely give leave when justice so requires." "However, it is by no means automatic." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). "[T]he decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court." *Id*. When considering the appropriateness of an amended pleading a court must review several factors including (1) undue delay, (2) bad faith on the part of the movant, (3) repeated failure to cure deficiencies by previous amendments, (4)

undue prejudice to the opposing party, and (5) the futility of the amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Additionally, a plaintiff should not be allowed to amend when the amendment includes claims and defendants that are unrelated to the pending action. *See Verrette v. Webre*, 2009 WL 591070 (E.D. La. Mar. 5, 2009) (denying leave to amend when the proposed amendment was wholly unrelated to the facts of the original complaint); *see also Lewis v. Todd*, 2019 WL 7811238, at *2 (E.D. La. Nov. 20, 2019); *Albarado v. City of Abilene*, 2016 WL 1583772, at *6 (N.D. Tex. Mar. 18, 2016); *Dean v. Brandon*, 162 F.3d 1161, at *1 (6th Cir. 1998) (holding that the district court did not abuse its discretion when it denied a motion to amend that was not related to the original claim).

"Requiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and in the context of prisoner litigation, ensures that prisoners pay the required filing fees under the Prison Litigation Reform Act." *Cox v. LeBlanc*, 2010 WL 5525076, at *3 (E.D. La. Dec. 9, 2010). "Otherwise, allowing a Plaintiff to continue to add claims and parties as they arise will only delay the disposition of the numerous claims and parties currently before the court." *Lewis*, 2019 WL 7811238, at *2 (internal citation and quotations omitted).

While Plaintiff does not appear to act with bad faith, the request to amend his Complaint is prejudicial to the remaining Defendants. This motion to amend comes months after the motions deadline expired. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for

good cause and with the judge's consent"). The Defendants have already participated in an omnibus hearing, discovery, and have briefed dispositive motions.[1]

Plaintiff's request to repeatedly add new claims and defendants will prejudice the remaining Defendants' ability to defend themselves. *Dean v. Brandon*, 162 F.3d 1161, at *1 (6th Cir. 1998). The new claims involve different facts, different issues, a different time period and different proof. Adding unrelated claims at this late stage in the proceedings serves only to delay consideration of the existing claims. Additionally, Plaintiff cannot continue to add unrelated claims to this lawsuit and circumvent his responsibility to pay the filing fee for each lawsuit he desires to file.

For these reasons, the Court finds that Plaintiff's Motion to Amend Complaint [230] should be denied. If Plaintiff intends to bring separate claims against different defendants, he may do so in a separately filed lawsuit.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Amend Complaint [230] is DENIED.

SO ORDERED this the 14th day of July, 2020.

/s/Michael T. Parker
United States Magistrate Judge

---

[1] The Court notes that the events complained of in Plaintiff's proposed amended complaint occurred after Defendants filed their motions for summary judgment and do not relate to the issues currently before the Court.