IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MICHAEL EUGENE HAYNES**     **PLAINTIFF**

**VERSUS**     **CIVIL ACTION NO. 5:18-cv-38-CWR-MTP**

**WARDEN JODY BRADLEY,** *et al*.     **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants Tracy Arbuthnot, Lyn Thiebe, and Justin Green's Motion for Summary Judgment [163] and Defendant Delvettia Davis' Motion for Summary Judgment [167]. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motions for Summary Judgment [163] and [167] be granted and that this matter be dismissed with prejudice.

## FACTUAL BACKGROUND

This lawsuit arises from events that took place while Plaintiff was in the custody of the Mississippi Department of Corrections "(MDOC)" at the Wilkinson County Correctional Facility ("WCCF"), a private prison run by Management & Training Corporation ("MTC").

Plaintiff alleges that he was assaulted by other inmates in 2015 and 2016.[1] He filed grievances about these assaults and the guards' handling of the incidents. Plaintiff sued Defendant Tracy Arbuthnot, a case manager at WCCF, because she responded to these grievances and stated that the officers followed the proper procedure. Plaintiff also sued Defendant Arbuthnot because she denied his request to "red-tag" inmate Ladarius Cole after they

---

[1] It appears that Plaintiff was transferred to WCCF from the South Mississippi Correctional Institution ("SMCI") in 2013 because he had an overwhelming number or "red-tags," which are requests to be kept separate from particular inmates, also housed in the protective custody unit at SMCI. *See* [163], Ex. C at 2.

had an altercation. Plaintiff and Ladarius Cole, however, did not have another altercation and Cole has since been moved to a different prison.

Plaintiff claims he complained about the assaults and Defendant Bradley[2] directed him to discuss these issues with Defendants Thiebe. Plaintiff sued Defendant Thiebe, an investigator at WCCF, because she allegedly denied his red-tag requests.

Plaintiff further alleges that on an unspecified date in 2018, Plaintiff and his cell mate "Peyton" got into a "fist fight" over certain food items they both desired. Several officers responded to a "code black" and broke up the fight. After the fight ended, Defendant Green took Plaintiff to file his red-tag request against Peyton. Plaintiff was allowed to submit his request, but Green placed Plaintiff back in the same cell with Peyton. Plaintiff alleges that another altercation occurred, and Defendant Green failed to protect him by placing him back in the same cell. Peyton was moved to another cell four days after the first altercation.

Plaintiff also takes issue with the food he is served at WCCF. He has been diagnosed with hyperthyroidism, which causes him to lose weight. The physician at WCCF prescribed a special diet for Plaintiff, which entails "nutrition trays" from the cafeteria. Plaintiff alleges that he has not been receiving these "nutrition trays" and has maintained a lower weight. Plaintiff sued Defendant Delvettia Davis, the kitchen supervisor at WCCF, because all he receives is extra milk and he believes he should be receiving a larger portion of food, as prescribed by the doctor.

On December 2, 2019, Defendants Arbuthnot, Thiebe, and Green filed their Motion for Summary Judgment [163]. On December 16, 2019, Defendant Davis filed her Motion for Summary Judgment [167]. On April 20, 2020, the Court directed plaintiff to respond to the

---

[2] Defendant Bradley was dismissed on September 20, 2019. Order [136].

pending motions. *See* Order [217]. On June 1, 2020, Plaintiff filed his Responses [220] and [221] to the Motions for Summary Judgment. This matter is now ripe for review.

## ANALYSIS

### *Summary Judgment Standard*

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

### *Failure to Protect*

To establish a § 1983 failure to protect claim against a prison official, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm and that

3

prison officials were deliberately indifferent to his needs for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).  To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  "Mere negligent failure to protect is not actionable under § 1983, nor is deliberate indifference established by an official's failure to alleviate a significant risk that the official should have perceived but did not."  *Brown v. Bufkin*, 2019 WL 3220002, at *4 (S.D. Miss. July 17, 2019) (citing *Thompson v. Upshur Cnty., Texas,* 245 F.3d 447, 459 (5th Cir. 2001)); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  Deliberate indifference "is an extremely high standard to meet."  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Defendant Arbuthnot

Plaintiff alleged at the omnibus hearing that Defendant Arbuthnot failed to follow the prison policy when she responded to a grievance relating to an assault that occurred in 2015 or 2016.  Within his grievance, Plaintiff also requested to red-tag Ladarius Cole, the inmate who assaulted him, but Defendant Arbuthnot denied his request.  Mot. [163], Ex. A at 57.[3]  Plaintiff testified, however, that Cole never assaulted him again and has since been moved to a different prison.  *Id*. at 58.

---

[3] The undersigned notes that among Plaintiff's hundreds of exhibits attached to his Responses, he submitted an affidavit relating to an assault from Ladarius Cole on October 13, 2013.  *See* Resp. [220], Ex. 10 at 29-30.  He claims that he attempted to red-tag Cole after this altercation and discussed the issue with Investigator Freeman, CID Investigator James, and his case-manger Ms. Vann Orman.  *Id*.  This affidavit, however, does not demonstrate that Defendant Arbuthnot was aware of issues between Ladarius Cole and Plaintiff before they had another altercation in 2015 or 2016.

"Absent a showing that other inmates harmed [Plaintiff], there is no factual basis for a failure to protect claim." *Walzier v.McMullen*, 333 F. App'x 848, 851 (5th Cir. 2009); *see also Johnson v. Burnly*, 2018 WL 1341727, at *3-4 (S.D. Miss. Feb. 9, 2018) (holding that plaintiff had to demonstrate an actual physical harm resulting from the conduct of prison officials to establish failure to protect claim). "In the absence of any allegation of physical injury, [a plaintiff] fail[s] to allege facts which would support a claim for compensatory damages." *Brooks v. Walker*, 2019 WL 4315020, at *2 (S.D. Miss. May 10, 2019).[4]

Plaintiff testified that he was never harmed again by Cole after the 2015/2016 incident and that Cole is now housed in a different prison. Mot. [163], Ex. A at 58. As he was never injured again, his failure to protect claim against Defendant Arbuthnot for denying his red-tag request against Cole should be dismissed.

Additionally, to the extent that Plaintiff sued Defendant Arbuthnot for failing to follow prison policies when she handled his grievance, such a complaint fails to state a claim. "An assertion that prison officials failed to follow prison rules or policies does not set forth a constitutional claim." *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) (citing *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989). Therefore, the undersigned recommends that summary judgment be granted in Defendant Arbuthnot's favor.

<u>Defendant Thiebe</u>

Plaintiff testified that he submitted approximately eight red-tag requests to Defendant Thiebe, stemming from prior assaults, but these requests were denied. Mot. [163], Ex. A at 60.

---

[4] When asked at the omnibus hearing what relief Plaintiff was seeking, he stated "I'm asking for whatever the Court do. I want my property. I would like to have my property back." Mot. [163], Ex. A at 94. Plaintiff appeared to be asking for monetary compensation sufficient to replace his property, which was lost or stolen in 2013.

Plaintiff continued to receive threats from these inmates, but he was never physically harmed after his red-tag requests were denied. *Id.*

As noted above, there is no basis for a failure to protect claim absent a showing of physical harm. *Walzier*, 333 F. App'x at 851; *see also Johnson*, 2018 WL 1341727, at *3. Based on Plaintiff's own testimony, Defendant Thiebe's denial of his red tag requests never resulted in a physical injury. There is no genuine dispute of material fact regarding this claim, and Defendant Thiebe should be granted summary judgment.

Defendant Green

Plaintiff also brings a failure to protect claim against Defendant Green. Plaintiff alleges that Defendant Green escorted him to submit a red-tag request against his cell mate Joseph Peyton after they fought in their cell over food items. After Plaintiff filed his request to be kept separate from Peyton, Defendant Green forced Plaintiff back into the cell Peyton, which resulted in a second fight. Plaintiff testified, however, that neither he nor Peyton were injured in the second fight, and Peyton was moved to a different cell four days later. Mot. [163], Ex. A at 76-77.

As discussed above, Plaintiff's failure to protect claim against Defendant Green cannot survive summary judgment because he testified that he was not physically injured in the second altercation with Peyton. *Walzier*, 333 F. App'x at 851; *see also Johnson*, 2018 WL 1341727, at *3; 42 U.S.C. § 1997e(e) (prisoner cannot recover monetary damages for mental or emotional distress under the Prison Litigation Reform Act without a prior showing of physical injury). The undersigned recommends granting summary judgment in favor or Defendant Green.

*Food Claims*

Plaintiff has been diagnosed with hyperthyroidism, which causes him to lose weight. The physician at WCCF prescribed a special diet for Plaintiff, which entails "nutrition trays" from the cafeteria. Plaintiff alleges that he has not been receiving these "nutrition trays" and he believes this has caused him to be underweight. Plaintiff sues Defendant Delvettia Davis, the kitchen supervisor at WCCF, because all he receives now is extra milk and he believes he should be receiving a larger portion of food, as prescribed by the doctor.[5] *See* Mot. [167], Ex. A at 4-7.

Davis submits that she is not involved in the creation of menus at WCCF, and the food services provider, Trinity, employs a regional dietician to create nutritionally adequate meal plans. Mot. [167], Ex. B at 2. Inmates are provided three diet plans: a standard diet, a religious diet, and a medical diet. *Id* at 3. Medical diets must be prescribed by the medical staff at WCCF, and Davis maintains that she has no control over the development of these special medical diets. *Id*.

Defendant Davis also provided an affidavit from Laura L. Donnelly, the regional dietician for Trinity Food Services. *See* Mot. [167], Ex. C. Donnelly explained that from 2015 to January 2017, nutrition support diets included a dairy drink with every meal and slightly larger portions of some of the menu items. *Id*. at 4. From March 2017 to present, a nutrition support diet includes a dairy drink with every meal and an evening snack. *Id*. Plaintiff complains that he no longer receives larger portion sizes.

"The Eighth Amendment, which prohibits the imposition of cruel and unusual punishment, requires that inmates be provided well-balanced meals with sufficient nutritional

---

[5] Plaintiff repeatedly references Dr. Burke, the physician at WCCF, in his Response [221] in relation to his nutrition claim. Dr. Burke, however, was dismissed on September 20, 2019. *See* Order [136].

value to preserve health." *Reeves v. King*, 2015 WL 461685, at *6 (S.D. Miss. Feb. 4, 2015) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measures of life's necessities." *Berry*, 192 F.3d at 707 (quotation and citation omitted). An inmate's constitutional rights are not violated if he misses an occasional meal. *Reeves*, 2015 WL 461685, at *6; *see also Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) ("Missing a mere one of out every nine meals is hardly more than missed by many working citizens over the same period"). Even on a regular, permanent basis, two meals a day may be adequate. *Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986).

The record demonstrates that Plaintiff has not missed meals but received a dairy drink three times a day and an evening snack, in addition to his standard meals. Mot. [167], Ex C at 4. Plaintiff mentions for the first time in his Response [221] that he did not receive the extra milk or evening snack until he complained. Resp. [221] at 6. This was not his testimony at the omnibus hearing, where he stated that he was receiving the extra milk but what he wanted was larger portions of food. Mot. [167], Ex. A at 5-9. "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the Court." *Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). The only matter before the Court is whether the current composition of Plaintiff's nutrition tray is constitutionally adequate.

Plaintiff has not lost a significant amount of weight or shown that he suffered any nutrition-related injury. *See Dockery v. Hall*, 2019 WL 9046797, at *17 (S.D. Miss. Dec. 31, 2019) (granting summary judgment when prisoners failed to show that meals were calorically or nutritionally inadequate); *see also Talib*, 138 F.3d at 214 n.3 (losing fifteen pounds over a five-

month period did not establish a constitutional violation regarding prisoner's nutritional needs). Plaintiff mentioned at the omnibus hearing that he did not know if the lack of a nutrition tray with extra portions of food impacted his health or not. Mot. [167], Ex. A at 9. Defendant Davis, however, noted in her supporting memorandum that Plaintiff's weight has fluctuated, but on January 10, 2013 he weighed 150 pounds and on August 10, 2019 he weighed 147 pounds. Mem. [168] at 7-8; *see also* [176] at 136, 231. Although it has fluctuated, Plaintiff's weight is substantially the same now as when he was transferred to WCCF in 2013.

Plaintiff's disagreement with the makeup of the "nutrition tray" does not establish a constitutional violation because he has not shown that his health suffered or that he was denied the minimal civilized measures of life's necessities. Indeed, it appears that Plaintiff receives more food than the average inmate at WCCF. Plaintiff has not demonstrated a constitutional violation regarding his food and the undersigned recommends that summary judgment be granted in favor of Defendant Davis.

***Retaliation***

Plaintiff generally claims that every adverse action taken by Defendants, such as issues with his food or alleged failures to protect him from other inmates, was done in retaliation for his complaints regarding his personal property that was allegedly stolen in 2013 when he was transferred to WCCF.[6] *See* Mot. [163], Ex. A at 96. He asserts this claim about each of the remaining Defendants, whether they were personally involved in handling his property or not.

"To establish retaliation, a prisoner must show '(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a

---

[6] The Court addressed Plaintiff's retaliation claim in the Omnibus Order [127] and noted that Plaintiff's property deprivation claim had already been dismissed, but his unspecific claim of retaliation stemming from the property deprivation was allowed to proceed.

9

retaliatory adverse act, and (4) causation.'" *Joseph v. Dykes*, 368 F. App'x 511, 513 (5th Cir. 2013) (quoting *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)). Causation requires a showing that "but for the retaliatory motive the complained of incident [] would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (internal quotations and citation omitted). "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006).

Courts must be cautious with retaliation claims. "The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in… penal institutions." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotations and citation omitted). A prisoner's "personal belief that he was a victim of retaliation is not sufficient to support a retaliation claim." *Ybarra v. Meador*, 427 F. App'x 325, 326 (5th Cir. 2011).

Plaintiff testified that he believed every cause of action alleged in his 815-page Complaint [1] stemmed from a retaliatory animus on the Defendants part because they were upset about his complaints relating to his stolen property. Mot. [163], Ex. A. at 96. He stated "I kept complaining, wouldn't stop complaining about my property, they kept telling me that, we don't owe you nothing, we don't have your property. Well, where is it? I brought it here with me." *Id*.

Plaintiff's property was apparently stolen or lost almost seven years ago.[7] He asserted claims for the loss of these items, but those claims were dismissed by the District Judge on December 20, 2018. *See* Order [46]. His general belief that his remaining claims or causes of action stem from retaliatory conduct, without any supporting evidence, is not enough to establish a retaliation claim. *Ybarra*, 427 F. App'x at 326.

Moreover, Plaintiff has not demonstrated that the alleged retaliation was tied to his exercise of a constitutional right stemming from the loss of his personal property. In his Response [220], Plaintiff states for the first time that "I was retaliated against by Mr. Green because I forced this case into the United States District Court and the Circuit Court of Wilkinson County. Plaintiff states that the defendants intended to retaliate against me for my exercise of that right by entering the Court." Resp. [220] at 32.

This was not discussed or raised at Plaintiff's omnibus hearing. "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the Court." *Cutrera*, 429 F.3d at 113. The Omnibus Order superseded the Complaint [1], and Plaintiff was not free to perpetually amend the claims outlined in the Omnibus Order. *See* Order [127] at 2. Even so, Plaintiff's belief that he was subjected to retaliation is insufficient to survive summary judgment. Plaintiff's retaliation claim fails as a matter of law and Defendants are entitled to summary judgment on this issue.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Motions for Summary Judgment [163] and [167] be GRANTED and that this matter be finally DISMISSED

---

[7] This property consisted of two radios, a combination lock, a pair of tennis shoes, and two fans. *See* Mot. [163], Ex. A at 46.

with prejudice. This mater was filed on April 23, 2018 and has been extensively litigated. Some parties were dismissed before the omnibus hearing held on July 24, 2019, and others were dismissed after the hearing. *See* Orders [46], [136]. [152], [219].  As this Report and Recommendation, if adopted, disposes of all remaining claims and Defendants, a final judgment may be entered.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 17th day of July, 2020.

                  s/ Michael T. Parker
                  United States Magistrate Judge